UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| MATTHEW KEITH McBRIDE | CIVIL ACTION NO. 13-cv-390 |
| | SECTION P |
| VERSUS | JUDGE MINALDI |
| BEAUREGARD PARISH, ET AL | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Matthew McBride ("McBride"), proceeding *in forma pauperis,* filed the instant civil rights complaint February 21, 2013.  At all times relevant to this matter, McBride was "a prisoner of the State of Texas in the custody of the Dallas County Jail in Dallas, Texas." Doc. 1, p.1.  Although incarcerated in Texas, McBride brings this suit seeking the production of documents that he alleges are located in Louisiana.  McBride names the following as defendants in this matter:  (1) Beauregard Parish; (2) the Clerk of Court for Beauregard Parish; and (3) the Beauregard Parish Narcotics Department.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

### I. BACKGROUND

McBride's request for documents stems from his alleged use as an informant by Beauregard Parish authorities.  McBride claims that while he was on probation in the 194th Judicial District Court in Panola County, Texas, a Louisiana task force sought his aid in the apprehension of Jeffery Cooley ("Cooley") of Singer, Louisiana.  Doc. 1, pp. 2 & 3.  McBride

claims that both Panola County and Beauregard Parish officials made promises to him in exchange for his assistance, namely that Panola County would dismiss the charges against him. Doc. 1, p. 3. McBride states that with that deal in place, he participated in a monitored drug transaction with Cooley in Deridder, Louisiana. Doc. 1, pp. 4 & 7. Despite his assistance, Mcbride claims that his participation was not acknowledged and that the deal regarding the dismissal of his charges was not honored.

In an effort to get the promised credit for his help, McBride asks this court to order the defendants to produce all documents (including photographs and video recordings) that are in any way related to his involvement in the Cooley operation. McBride also seeks an acknowledgement from the defendants that he did, in fact, render the assistance described above.

## II. LAW & ANALYSIS

### A. Screening

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under that statute, a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B.  42 U.S.C § 1983

Section 1983 proscribes conduct by any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. § 1983 (hereinafter "§ 1983").  An initial inquiry in lawsuit filed under § 1983 is whether the plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under § 1983.

In order to hold a defendant liable under § 1983, the plaintiff must allege facts to show: (1) that a constitutional right has been violated; and (2) that the conduct complained of was committed by a person acting under color of state law—that is, that the defendant was a state actor.  See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

### C.  McBride Has Not Alleged Any Constitutional Violation

With the above standards in mind, the undersigned concludes that McBride has failed to allege a civil rights violation by any defendant. McBride does not meet the requisite factors of *Hessbrook*, as his requests do not claim a violation of the constitution, nor are they the type of violations that the Civil Rights Act was designed to remedy.  In fact, McBride makes it clear that he is suing here only to compel the production of documents and for declaratory relief, neither of which constitute a cognizable claim under § 1983; McBride's remedy (if any) falls under the Public Records Law. *See* La. R.S. § 44:1 *et seq.* (2013).

### III. RECOMMENDATION

For the reasons stated,

**IT IS RECOMMENDED THAT** McBride's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have 14 days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 30th day of September, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE